1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BILL JOE LANE,

                        Plaintiff,

      v.

DEPARTMENT OF CORRECTIONS ET. AL.,

                        Defendants.

Case No. C18-5666-RBL-TLF

REPORT AND RECOMMENDATION

NOTED FOR: **OCTOBER 19, 2018**

Before the Court is plaintiff Bill Joe Lane's "Order to Show Cause for An Preliminary Injunction and Temporary Restraining Order." Dkt. 6. Mr. Lane seeks a preliminary injunction "enjoining the defendant[s] … from transferring him from Coyote Ridge Correction Center or changing plaintiff's housing assignment within Coyote Ridge Correction Center to an assignment that would restrict law library access or separating the plaintiff from those assisting him in litigation." Dkt. 6, at 1. The undersigned recommends that Mr. Lane's motion be denied.

**FACTS**

Mr. Lane filed this *pro se* civil rights action alleging that defendants improperly denied him access to a program "in which the disabled are given special outdoor and indoor recreation times and special library times." Dkts. 5, 13. Mr. Lane contends he has been diagnosed with several "mental and emotional disabilities" and that it is often overwhelming for him to be in crowds. *Id.* He contends defendants' actions in denying him access to the program violated his rights under the Americans with Disabilities Act, the Eighth Amendment, and constituted

1  "conspiracy to interfere with civil rights," citing 42 U.S.C. § 1985. *Id.*, at 6. On August 23, 2018,

2  Mr. Lane filed a motion to amend his complaint, which the Court granted. Dkt. 8, 12. The

3  amended complaint seeks only to add a jury demand but does not alter the claims or add any new

4  claims to those set forth in the original complaint. Dkt. 5, 13. The Washington State Attorney

5  General's Office has filed a Notice of Appearance and a waiver of service on behalf of defendant

6  Sinclair but no answers have been filed by any defendants. Dkts. 9, 10.

7      In his motion for preliminary injunctive relief, Mr. Lane indicates he has been told he is

8  being transferred to a different (less restrictive) institutional setting where, he contends, "there is

9  no law library access … nor any adequate alternative." Dkt. 6, at 3. Mr. Lane states that he is the

10  plaintiff in the instant action as well as at least one other case against prison officials and that

11  "through the grievance process it is reasonable for prison officials to know of my intent to file

12  this complaint, as well as the possibility of future filings." Dkt. 6, at 3. Defendant Sinclair

13  opposes plaintiff's motion arguing there is no nexus between the relief sought in the motion for

14  injunctive relief and the allegations in the underlying complaint and that plaintiff fails to meet

15  the other requirements for obtaining a preliminary injunction. Dkt. 11.

### DISCUSSION

17      Injunctions are "to be used sparingly, and only in a clear and plain case." *Rizzo v. Goode*,

18  423 U.S. 362, 378 (1976) (quoting *Irwin v. Dixon*, 50 U.S. 10, 33, 13 L. Ed. 25, 9 How. 10

19  [1850]); *see also Sampson v. Murray*, 415 U.S. 61, 83 (1974). "A preliminary injunction is an

20  extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555

21  U.S. 7, 24 (2008). Instead, injunctive relief "may only be awarded upon a clear showing that the

22  plaintiff is entitled to such relief." *Id.* at 22. To obtain a preliminary injunction, a party must

23  demonstrate that: (1) he is likely to succeed on the merits; (2) he will likely suffer irreparable

24

25

1    harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; (4) an

2    injunction is in the public interest. *Id.* at 20. Under the Prison Litigation Reform Act (PLRA),

3    Congress has expressly required that any grant of prospective relief with respect to prison

4    conditions be narrowly drawn, extend no further than necessary, and be the least intrusive means

5    necessary for correction. 18 U.S.C. § 3626(a)(1)(A); *see Gomez v. Vernon,* 255 F.3d 1118, 1129

6    (9th Cir. 2001).

7           Mr. Lane's motion for temporary restraining order and for preliminary injunction should

8    be denied. First, Mr. Lane has not, at this early point in the case, demonstrated a likelihood of

9    success on the merits. In fact, although not deciding the merits at this point, the Court notes that

10   the decision denying Mr. Lane's grievance appeal (which he submitted in support of his original

11   complaint) appears to indicate he was denied access to the subject program in part because his

12   mental health team did not support his admission. Dkt. 5, at 8. Thus, it is at best unclear at this

13   early stage whether Mr. Lane is likely to succeed on the merits of his claims.

14          Second, Mr. Lane fails to establish he is likely to suffer irreparable harm in the absence

15   of preliminary relief. "In the context of preliminary injunctive relief, irreparable harm is

16   established when a plaintiff is unlikely to be made whole by an award of monetary damages or

17   some other legal remedy at a later date, in the ordinary course of litigation." *Edge Games, Inc. v.*

18   *Elec. Arts, Inc.*, 745 F. Supp. 2d 1101, 1117 (N.D. Cal. 2010) (*citing California Pharmacists Ass'n*

19   *v. Maxwell–Jolly*, 563 F.3d 847, 851–52 (9th Cir. 2009)). Here, Mr. Lane has not yet been

20   transferred, and, in fact, he fails to offer any facts regarding when or where he will be transferred

21   or how exactly his law library access will be further restricted. Mr. Lane's claim regarding

22   inadequate legal access is speculative at this point and, as such, he fails to establish he is likely to

23   suffer irreparable harm in the absence of preliminary relief.

24

25

1    Third, in light of the deference federal courts are required to afford the government in the

2    administration of state prisons, Mr. Lane has not demonstrated that the equities tip in his favor in

3    granting an injunction preventing his transfer, or that such injunction is in the public interest.

4    When a plaintiff seeks to enjoin the activity of a government agency, even within the unitary

5    court system, his case must contend with "the well-established rule that the government has

6    traditionally been granted the widest latitude in the dispatch of its own internal affairs."  *Rizzo v.*

7    *Goode*, 423 U.S. 362, 378 (1976) (citations omitted). This holding applies even more strongly in

8    cases involving the administration of state prisons. *Turner v. Safley*, 482 U.S. 78, 85 (1987).

9    "Running a prison is an inordinately difficult undertaking ... peculiarly within the province of the

10   legislative and executive branches of government ... [S]eparation of powers concerns counsel a

11   policy of judicial restraint. Where a state penal system is involved, federal courts have, as we

12   indicated in *Martinez*, additional reason to accord deference to appropriate prison authorities."

13   *Id*. at 85, *citing Procunier v. Martinez*, 416 U.S. 396, 405 (1974), *rev'd in part on other grounds*

14   *in Thornburgh v. Abbott,* 490 U.S. 401 (1989).

15   Mr. Lane contends that a transfer would prejudice his ability to prosecute his cases.

16   However, again, as discussed above, this argument is speculative as Mr. Lane has not been

17   transferred and his legal access has not, thus-far, been further restricted. Balancing the need for

18   deference to prison authorities in administering state prisons, including decisions related to

19   prisoner classification and placement, Mr. Lane's speculative claim fails to establish the equities

20   tip in his favor, or that such an injunction would be in the public interest.

21   Fourth, enjoining Mr. Lane's transfer to another facility entirely in order to ensure

22   adequate legal access would likely not satisfy the requirements of the PLRA. 18 U.S.C. §

23   3626(a)(1)(A); *see Gomez v. Vernon,* 255 F.3d 1118, 1129 (9th Cir. 2001) (any grant of

24

25

1    prospective relief with respect to prison conditions must be narrowly drawn, extend no further

2    than necessary, and be the least intrusive means necessary for correction.). Any preliminary

3    relief would have to be narrowly tailored to ensure adequate legal access without unnecessarily

4    obstructing prison officials' control over the classification and movement of prisoners.

5         Defendants also argue that plaintiff's motion should be denied because "there is no

6    relationship between the conduct at issue in plaintiff's complaint, which relates to an ADA claim

7    to attend yard, dayroom, and the law library with fewer other individuals present, and the injury

8    claimed in his motion for injunctive relief, which relates to his concern over being transferred to

9    a minimum-security facility and insufficient legal access." Dkt. 11, at 1.

10         A preliminary injunction is only intended to give intermediate relief of the same character

11    that will be granted should the party seeking the injunction succeed on the underlying claims. *De*

12    *Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945); *Pacific Radiation*

13    *Oncology, LLC v. Queen's Medical Center,* 810 F.3d 631, 636 (9th Cir. 2015). Thus, a district

14    court lacks authority to grant injunctive relief to address matters that have no relationship or

15    nexus to the claims set forth in the underlying complaint. *Pacific Radiation Oncology,* 810 F.3d

16    at 635-638*; Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam).

17         The Court agrees that it appears Mr. Lane's claims regarding his future transfer to a

18    separate facility with inadequate library access are separate and distinct from the claims raised in

19    his complaint. The Court notes that while Mr. Lane does raise the issue of library access in his

20    complaint he does so solely in the context of his denial of access to the ADA program not in the

21    context of his future transfer to a different facility which he believes will have inadequate library

22    access. Dkt. 5, 13. If he wishes to raise and pursue new claims Mr. Lane must bring them in a

23    separate complaint.

24

25

**CONCLUSION**

Based on the foregoing, the Court finds that Mr. Lane is not entitled to the injunctive relief he seeks and therefore, his motion for preliminary injunction and temporary restraining order (Dkt. 6) should be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 19, 2018,** as noted in the caption.

Dated this 1st day of October, 2018.


Theresa L. Fricke
United States Magistrate Judge