UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BILL JOE LANE,<br><br>      Plaintiff,<br><br>  v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, ET. AL.,<br><br>      Defendants. | Case No. C18-5666-RBL-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for **March 8, 2019** |

Plaintiff is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 action. This matter is before the Court on plaintiff's motion seeking leave to file a second amended complaint (Dkt. 23). This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the undersigned recommends the Court GRANT in part and DENY in part plaintiff's motion seeking leave to file a second amended complaint (Dkt. 23).

Plaintiff seeks leave to file a second amended complaint to make the following changes: (1) at paragraph 11 adding "official capacities" to defendants Sawyer, Gurr and Humes, and adding 29 U.S.C. § 701, Rehabilitation Act" to these defendants claimed violations; (2) at paragraph 14, adding a request for injunctive relief with respect to defendant Sinclair that "[plaintiff] will not be transferred to another prison when that transfer would moot any part of this action, or separate [him] from a law library"; (3) at paragraph 15 to add "costs" to the relief sought; and (4) at paragraph 18 "to verify the complaint by swearing." Dkt. 23, at 1-2.

REPORT AND RECOMMENDATION - 1

Defendants do not oppose plaintiff's motion with respect to the proposed changes to paragraph 11, paragraph 15, and paragraph 18 (the verification language). Defendants do oppose plaintiff's motion with respect to proposed amendment to paragraph 14 on the grounds that plaintiff previously sought and was denied identical preliminary injunctive relief in his motion seeking a temporary restraining order or preliminary injunction. *See* Dkts. 6, 18, 21, 24. Accordingly, defendants move to strike that portion only of plaintiff's proposed second amended complaint.

In deciding whether to grant leave to amend, a district court considers the following factors: (1) undue delay; (2) bad faith or dilatory motives; (3) futility of the amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *In re Read–Rite Corp.*, 335 F.3d 843, 845–46 (9th Cir. 2003). "Where the plaintiff offers to provide 'additional evidence' that would add 'necessary details' to an amended complaint and such offer is made in good faith, leave to amend should be granted." *Broudo v. Dura Pharm.,* 339 F.3d 933, 941 (9th Cir. 2003).

The Court recommends that plaintiff's motion for leave to amend be granted with respect to his requests to amend paragraphs 11, 15, and 18. However, the Court recommends that plaintiff's motion seeking leave to amend with respect to paragraph 14 be denied as this same request for preliminary injunctive relief has already been considered and denied by this Court.

Plaintiff previously moved for a preliminary injunction "enjoining the defendant[s] … from transferring him from Coyote Ridge Correction Center or changing plaintiff's housing assignment within Coyote Ridge Correction Center to an assignment that would restrict law library access or separating the plaintiff from those assisting him in litigation." Dkt. 6, at 1. By order dated October

25, 2018, Hon. Ronald B. Leighton adopted the undersigned's report and recommendation and denied plaintiff's motion for a preliminary injunction and temporary restraining order. Dkt. 21. Specifically, the Court found that plaintiff failed to satisfy any of the requirements necessary to obtain a preliminary injunction, i.e., (1) that he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in absence of preliminary relief; (3) the balance of equities tip in plaintiff's favor; and, (4) an injunction is in the public interest. *See* Dkts. 18, 21; *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The Court further found that plaintiff's claims in his motion for preliminary injunction regarding a possible future transfer to a different facility, allegedly with inadequate library access, were separate and distinct from the claims raised in his complaint that defendants improperly denied him access to an ADA program at Coyote Ridge Corrections Center. Dkts. 18, 21.

Plaintiff does not allege that any additional facts exist that would alter the Court's prior analysis or determination and entitle him to the preliminary injunctive relief he seeks again in his proposed amended complaint. As such, amendment of the complaint to include this duplicative request for relief, which has previously been denied, would be futile. Accordingly, the Court recommends that the branch of plaintiff's motion seeking leave to amend paragraph 14 to include a demand for preliminary injunctive relief be denied, and that paragraph 14 of the second amended complaint be stricken. The Court recommends the motion be granted in all other respects.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court GRANT plaintiff's motion seeking leave to amend with respect to paragraphs 11, 15, and 18, DENY plaintiff's motion seeking leave to amend with respect to paragraph 14, and STRIKE paragraph 14 of the second amended complaint.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating this time limitation, this matter shall be set for consideration on **March 8, 2019**, as noted in the caption.

Dated this 19th day of February, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4