UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BILL JOE LANE,<br><br>                Plaintiff,<br><br>   v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al.,<br><br>                Defendants. | Case No. C18-5666-RBL-TLF<br><br>ORDER DENYING MOTION REQUESTING JUDICIAL NOTICE OF ADJUDICATIVE FACTS AND RE-NOTING MOTION |

This matter comes before the Court on plaintiff's "motion requesting judicial notice of adjudicative facts." Dkt. 43. Plaintiff's motion asks the Court to take judicial notice of several quotations which plaintiff attributes to various federal statutes, regulations, and case law. *Id.* Defendants object on the grounds that the material plaintiff submits is incompatible with Fed. R. Evid. 201. Defendants indicate they do not, however, oppose plaintiff submitting a supplemental statement of authorities directing the Court to the source materials plaintiff refers to in his motion.

Federal Rule of Evidence 201 provides that judicial notice extends to facts that are "not subject to reasonable dispute" because they are either (a) "generally known within the territorial jurisdiction of the trial court" or (b) "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "Courts may

only take judicial notice of adjudicative facts that are not subject to reasonable dispute." *United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003) (citing Fed. R. Evid. 201(b)). For example, a court may take judicial notice of a matter of public record -- but if the public record contains disputed facts, the court may not take judicial notice of any facts that are in dispute. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Adjudicative facts are described as "simply the facts of the particular case" as distinguished from legislative facts which "are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body." *See* Fed. R. Evid. 201 (note to subdivision (a) for 1972 proposed rules); *Nguyen v. Cavalry Portfolio Servs., LLC*, No. 15-CV-0063-CAB-BLM, 2015 WL 12672149, at *2 (S.D. Cal. Feb. 20, 2015). *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) ("Judicial notice of legislative facts . . . is unnecessary."); *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir. 2002) ("As a general matter, judicial notice is available only for 'adjudicative facts,' or the 'facts of the particular case,' as opposed to 'legislative facts,' which are facts 'which have relevance to legal reasoning . . .'").

The material in plaintiff's motion, which includes plaintiff's curated quotations that he attributes to various statutes, regulations, and factual findings and legal conclusions from other cases, is not compatible with Fed. R. Evid. 201. Furthermore, a request for judicial notice is "not a proper vehicle for legal argument" which appears to be the intended purpose of plaintiff's motion. *Bly v. California Supreme Court*, No. 11-cv-5046-DWM, 2014 WL 295022 (N.D. Cal., Jan. 21, 2014).

Accordingly, plaintiff's motion (Dkt. 43) is **DENIED**. **On or before October 29, 2019, plaintiff may, if he deems appropriate, submit a supplemental statement of authority**

**directing the Court to the source materials he refers to in his motion. Such supplemental statement of authority should include only the citation to the source materials plaintiff references and should not include quotations or additional argument**. **The Clerk is directed to re-note plaintiff's motion for summary judgment (Dkt. 32) to October 29, 2019**.

Dated this 22nd day of October, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING MOTION REQUESTING JUDICIAL NOTICE OF ADJUDICATIVE FACTS AND RE-NOTING MOTION - 3